IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID SPEAR,**<br><br>*Plaintiff,*<br><br>v.<br><br>**OPTIMAL STRATEGIX GROUP, INC. et al.**,<br><br>*Defendants.* | Case No. 2:23-cv-03361-JDW |

## MEMORANDUM

David Spear filed a petition to recover for attorneys' fees and costs. Defendants Optimal Strategix Group, Inc. et al. ("OSG") object to the number of hours and out-of-pocket costs for which Mr. Spear's attorneys can seek compensation, as well as their proposed hourly rates. Based on their arguments, I have adjusted the number of hours and costs. However, per the instruction of the Third Circuit, I must hold a hearing to determine reasonable hourly billing rates for Mr. Spear's attorneys and paralegal.

I.   **BACKGROUND**

On August 28, 2023, Mr. Spear sued his former employer to recover for lost wages, pre- and post-judgment interest, and attorneys' fees and costs. He retained Rachel McElroy as the lead attorney on his case, with Darth Newman as co-counsel and Laura Rossi providing paralegal support. Ms. McElroy's office is in Pittsburgh, Pennsylvania and

Mr. Newman's office is in Coraopolis, Pennsylvania. The Parties proceeded through discovery and participated in multiple settlement conferences with Magistrate Judge Scott W. Reid. Judge Reid's yeoman's work paid off, and the Parties finalized a settlement agreement in November 2024. Shortly thereafter, and per the terms of the agreement, Mr. Spear filed a Petition For Approval Of Attorneys' Fees And Costs. That Petition is ripe.

## II.   LEGAL STANDARD

In statutory fee-shifting cases such as this one, courts use the lodestar method to assess whether the proposed attorneys' fees are reasonable. See *S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 773 (3d Cir. 2019). Pursuant to the lodestar method, the district court multiplies the number of hours the attorneys "reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer." *Id.* (quotation omitted). The party seeking attorneys' fees must "submit evidence supporting the hours worked and rates claimed" and has the burden of proving that its request is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quotation omitted). "[T]he party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Id.* (citation omitted). When hourly rates are disputed, "the district court must conduct a hearing to determine the reasonable market rates." *Planned

*Parenthood of Cent. N.J. v. Att'y Gen. of State of N.J.*, 297 F.3d 253, 266 (3d Cir. 2002) (quotation omitted).

## III. ANALYSIS

### A. Attorneys' Fees

As the prevailing party,[1] Mr. Spear may receive an award of attorneys' fees and costs under the Fair Labor Standards Act and the Pennsylvania Wage Payment and Collection Law. *See* 29 U.S.C. § 216(b); 43 Pa. Stat. § 260.9a(f). To calculate the appropriate award for attorneys' fees, I multiply the number of hours reasonably worked by a reasonable hourly billing rate.

#### 1. Number of hours

Ms. McElroy and Mr. Newman billed a combined total of 211.9 hours for Mr. Spear's case, which they spent on discovery, settlement negotiation, meditation, and other matters pertaining to the case. Ms. Rossi assisted them in drafting and preparing documents, billing 12 hours. OSG doesn't contest Ms. Rossi's hours. However, it lodges several objections to Ms. McElroy's and Mr. Newman's hours.

*First*, OSG argues that Mr. Spear's attorneys cannot charge for case-related travel time. That's right. The Third Circuit has held that "a party that hires counsel from outside the forum of the litigation may not be compensated for travel time," unless "forum

---

[1] Even though I didn't enter a judgment or other Order that determined the case in Mr. Spear's favor, he asserts based on the settlement agreement that he is the prevailing party, and OSG does not dispute that status.

3

counsel are unwilling to represent the plaintiff." *Interfaith Community Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 710 (3d Cir. 2005). Mr. Spear's attorneys are from the Pittsburgh area, which is outside this forum. Because Mr. Spear doesn't argue that forum counsel would have been unwilling to represent him, his counsel may not recover for their travel time to Philadelphia.

*Second*, OSG objects to the amount of time that Mr. Spear's attorneys spent preparing this fee application and other case-related tasks. Ms. McElroy and Mr. Newman spent roughly twenty hours preparing this fee application. The time billed falls reasonably within the range of hours accepted by other courts in this District for similar fee petitions. *See, e.g., Central Bucks Sch. Dist. v. Q. M.*, No. 22-1128, 2022 WL 17339037, at *14 (E.D. Pa. Nov. 29, 2022); *Bistrian v. Levi*, No. 08-3010, 2024 WL 4980783, at *11 (E.D. Pa. Dec. 3, 2024). OSG also disputes time that Ms. McElroy spent on a range of case-related matters, such as reviewing letters, preparing for meetings, and conducting research. However, it doesn't say why the amount of time is excessive. After reviewing those entries—the longest of which is 3.5 hours for a task involving document review and research into multiple legal questions—I conclude that the times listed are reasonable. As for the potentially duplicative time entries, I am satisfied with the explanations in Mr. Spear's Reply. I will reduce Ms. McElroy's hours by 0.5 hours to account for a redundant entry from January 29, 2024.

4

*Third*, OSG argues that it shouldn't have to pay for duplicative work that Mr. Spear's attorneys performed jointly, including drafting the complaint, attending the Rule 26 conference, working on discovery requests, attending and defending depositions, and conferring with each other. I may only reduce the fee award for duplicative work "if the attorneys are *unreasonably* doing the *same* work." *Rode*, 892 F.2d at 1187 (quotation omitted). Mr. Spear's attorneys spent roughly eight hours on the Complaint. Based on my review of their billing records, I do not find their work duplicative. Ms. McElroy appears to have taken the lead in drafting the Complaint and reviewing it with the client, while Mr. Spear only spent a total of 2.5 hours on edits and final touches. Similarly, it appears that Ms. McElroy principally handled discovery while Mr. Newman reviewed the initial requests and occasionally consulted with Ms. McElroy. Given their relationship as lead and co-counsel, I find that time spent conferring with each other (less than ten hours according to Mr. Newman's time records) and jointly attending the Rule 26 conference is complementary and not duplicative.

However, I find that it was duplicative to have more than one attorney at the depositions on February 20, 2024, and April 30, 2024. *See, e.g.*, *Sheffer v. Experian Info. Sols., Inc.*, 290 F. Supp. 2d 538, 546 (E.D. Pa. 2003) (disallowing fees for counsel's "mere attendance at the deposition"). Whichever attorney did not defend or depose the witness in question shall subtract the deposition time from his or her total hours calculation.

### 2. Billing rate

Counsel for Mr. Spear assert that Ms. McElroy should receive a rate of $500 per hour, Mr. Newman should receive a rate of $625 per hour, and Ms. Rossi should receive a rate of $200 per hour. OSG contends that these rates do not accurately reflect the attorneys' experience and the simplicity of the instant case. "[I]f hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates." *Planned Parenthood of Cent. N.J.*, 297 F.3d at 266. Therefore, I shall hold a hearing on whether these rates are reasonable given the geographic area, the nature of the services provided, and the experience of the attorneys. *See S.S. Body Armor I, Inc.*, 927 F.3d at 773.[2]

### B. Costs

Because Mr. Spear hasn't shown that forum counsel would have been unwilling to represent him, his attorneys may not recover for travel expenses. *See Interfaith Community Org.*, 426 F.3d at 710. However, Mr. Spear's counsel may recover $3,738.80 in deposition costs and a $230 deposition cancellation fee. Even though the invoice for those fees is from after the date that the case settled, counsel incurred those costs earlier in the case, prior to settlement. Therefore, reimbursement is appropriate for these expenses, as well as the $879.70 for Mr. Roth's deposition transcript and the $402 filing fee.

---

[2] OSG also objects to the hourly billing rates of Mr. Spear's counsel for their travel time. However, since they may not recover for travel time, I need not decide the appropriate travel rate.

6

**IV.     CONCLUSION**

Mr. Spear's attorneys may not seek compensation for their travel time or expenses, nor for mere appearance during a deposition. I will hold a hearing to determine the rates. Before that hearing, the Parties must confer and agree on the number of hours at issue for each timekeeper, based on this Memorandum, unless the Parties can agree to resolve the remainder of this dispute themselves.[3]

                                                      **BY THE COURT:**

                                                   */s/ Joshua D. Wolson*
                                                   JOSHUA D. WOLSON, J.

April 16, 2025

---

[3] I note that Mr. Spear's counsel will likely be able to seek reimbursement for the reasonable time they spend preparing for and attending the hearing. *See Planned Parenthood of Cent. N.J. v. Att'y Gen. f State of N.J.*, 297 F.3d 253, 268 (3d Cir. 2002). Therefore, it might behoove the Parties to talk before any hearing and determine whether it's better to resolve the remainder of this dispute themselves rather than risk further fees.